United States District Court
Southern District of Texas
**ENTERED**
November 07, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **KEYLA OLARTE LIMON,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:22-CV-33 |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Appoint Next Friend. (Dkt. No. 5). In the motion, Plaintiff's counsel asserts Plaintiff lacks the mental capacity to sue and, as a result, requests that the Court appoint Plaintiff's mother, Laura Saenz, as her next friend. (Dkt. No. 5 at 1–2). The Court has held two hearings on the motion and previously ordered Plaintiff's counsel to provide supplemental medical records and mental evaluations in support of the motion. For the reasons set forth below, the Court now **RECOMMENDS** that the District Court **GRANT** Plaintiff's Motion to Appoint Next Friend. (Dkt. No. 5).

Plaintiff's counsel filed supplemental medical records to support the Motion. (Dkt. No. 10). At a hearing on the Motion, the Court noted the age of the supplemental medical records filed by Plaintiff. (Min. Entry July 14, 2022). The Court subsequently ordered Plaintiff's counsel to file advisory containing a supplement to the Motion informing the Court of the results of Plaintiff's recent mental evaluations pertaining to Plaintiff's alleged lack of the mental capacity to sue, as defined by Federal Rule of Civil Procedure 17. (Dkt. No. 13). Plaintiff's counsel filed an advisory containing the results of one psychological evaluation with San Antonio Psychological Services conducted on August 19, 2022. (Dkt. No. 16). On October 26, 2022, the Court held a second hearing on the Motion.

Under Federal Rule of Civil Procedure 17(c)(2), "an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian *ad litem*." "The Court must appoint a guardian *ad litem* – or issue another appropriate order

– to protect . . . [an] incompetent person who is unrepresented in an action." FED. R. CIV. P. 17(c)(2).

As a threshold matter, courts must first find that a party is not represented by someone considered appropriate in the forum state. *See Rice ex rel. CIR*, 589 F. App'x at 690; FED. R. CIV. P. 17(c). Under Texas law, an attorney cannot also serve as a guardian *ad litem*. *See Goodyear Dunlop Tires N. Am., Ltd. v. Gamez*, 151 S.W.3d 574, 583 (Tex. App. 2004) ("A guardian *ad litem*'s duty is to act as the personal representative of the minor, rather than as the attorney for the minor."). Moreover, an attorney is not considered to be an "appropriate representative" of an incompetent person for Rule 17 purposes. *See, e.g., Roberts v. Ohio Cas. Ins. Co.*, 256 F.2d 35, 39 (5th Cir. 1958) ("[T]his Court [previously] held that an attorney's representation of an incompetent was insufficient to satisfy the requirements of Rule 17(c)."); *Hoffert v. Gen. Motors Corp.*, 656 F.2d 161, 164 (5th Cir. 1981) (noting a court may appoint a guardian *ad litem* where a "minor's general representative has interests which *may* conflict with those of the person he is supposed to represent"); *accord Mondelli v. Berkeley Heights Nursing & Rehab. Ctr.*, 1 F.4th 145, 150 (3d Cir. 2021) ("[E]ven though a person may have legal counsel, that person's other interests may remain unrepresented and otherwise unprotected."); *Noe v. True*, 507 F.2d 9, 12 (6th Cir.1974) (applying Rule 17(c), the court held it was error to refuse to appoint a guardian *ad litem* for minor plaintiff even though plaintiff was represented by counsel because the duties of the guardian *ad litem* involve "role not ordinarily contemplated by the simple attorney-client relationship.").

Plaintiff is currently only represented by her attorney, Norma Nelly Vielma. Since Ms. Vielma cannot serve as Plaintiff's guardian *ad litem*/next friend, the Court finds that Plaintiff is "unrepresented" within the meaning of Rule 17.

To appoint a next friend, the Court must then find that there is an "adequate explanation" for "why the real party in interest cannot appear on his own behalf to prosecute the action," such as incompetence. *Schreck v. City of Amarillo*, 2021 WL 5178855, at *2 (N.D. Tex. Nov. 8, 2021); *see, e.g., J.A. v. Corpus Christi ISD*, 384 F. Supp. 3d 773, 774 (S.D. Tex. 2019); *Ingram ex rel. Ingram v. Ainsworth*, 184 F.R.D. 90, 92 (S.D. Miss. 1999) "The burden is upon the party claiming next friend status to establish the propriety of this status[.]" *Schreck*, 2021 WL 5178855, at *3 (citation omitted). The party

seeking appointment must produce "evidence clearly demonstrating incompetence." *Id.* at \*2 (collecting cases); *J.A.*, 384 F. Supp. 3d at 774. The Fifth Circuit has held that individuals are incompetent for purposes of Rule 17 if they lack "the capacity to litigate under the law of [their] domicile." *Magallon v. Livingston*, 453 F.3d 268, 271 (5th Cir. 2006) (quoting *Thomas v. Humfield*, 916 F.2d 1032, 1034 (5th Cir. 1990).

The standard for incompetency in Texas is whether individuals, "by reason of mental or bodily infirmity, [are] incapable of properly caring for their own interests in the litigation." *Magallon*, 453 F.3d at 271 (internal quotation marks and citation omitted). An individual's "ability to communicate with [one's] attorneys—to tell them [one's] interests and to give them information to help them effectuate those interests— tends to show that [one] ha[s] the ability to take care of [oneself] in litigation." *Id.* at 272.

The evidence presented to the Court clearly demonstrates Plaintiff's incompetence. According to the numerous medical records provided by Plaintiff's counsel, (Dkt. No. 10), Plaintiff suffers from numerous health issues that may impact her ability to "properly care" for her own interests in the litigation. *See Magallon*, 453 F.3d at 271. Plaintiff has ADHD, neurofibromatosis, is developmentally delayed, and suffers from chronic behavioral issues (e.g., unusual levels of aggressiveness). (Dkt. No. 10 at 5, 31). Also, there is substantial evidence indicating she has high levels of lead in her body. (*E.g.*, *id.* at 8, 50, 59). Additionally, some medical records indicate that, as of 2016, she could not read, (*Id.* at 62), and that, when she was in seventh grade, she was performing at a first to second grade level. (*Id.*).

The report of Plaintiff's recent mental evaluation provides further evidence of incompetence. The evaluation diagnoses Plaintiff with mild Intellectual Disability (Intellectual Developmental Disorder), ADHD, and Childhood-Onset Fluency Disorder. (Dkt. No. 16-1 at 5–6). The report found indications of "limited use of language for communicating her thoughts and responding to questions." (*Id.* at 4). Plaintiff's speech was impaired and very rapid. *(Id.).* Plaintiff "had difficulty following directions and all directions had to be reframed and repeated in both Spanish and English." Additionally, the evaluation found "evidence of significant impairment in immediate, recent, or remote memory, from informal observation." *(Id.).*

Plaintiff was assessed using the WAIS-IV assessment of Intelligence, which assesses the Perpetual Reasoning Index, "considered the most valid measure of overall intellectual ability." (*Id.*). Plaintiff scored in the Intellectual Disability range of intelligence with the Perceptual Reasoning Index score of 52. (*Id.*). The mean or average score is 100, with a standard deviation of 15. (*Id.*). Plaintiff's test scores all were "significantly subaverage," and she is considered "functionally illiterate." (*Id.* at 5). All of Plaintiff's academic scores are below kindergarten level. (*Id.* at 6). The report recommended that, when Plaintiff is ready for employment, she would "need step by step instructions with a picture book." (*Id.*).

At the hearing held on October 26, 2022, testimony was presented from Plaintiff's mother, Ms. Saenz, Plaintiff Limon, and Plaintiff's counsel, Nelly Vielma. (*See* Min. Entry Oct. 26, 2022). Ms. Saenz testified that Plaintiff had to be in special education classes since she began school because of her limited learning ability. She also stated that she has been told that Plaintiff is mentally comparable to a child of 8-10 years old. She further stated that she takes care of Plaintiff's daily needs, including preparing her food and assisting her with bathing and grooming. She further stated that she accompanies Plaintiff to all of her appointments and provides basic information, including complete names and addresses, because Plaintiff cannot do so.

The Court then asked Plaintiff Limon some basic questions about the nature of the lawsuit. Based on an evaluation of Plaintiff's demeanor and her oral responses, the Court determines that Plaintiff does not understand what a lawsuit is, what this particular lawsuit is about, or what outcome she wants from the lawsuit.

Finally, the Court asked several questions of Plaintiff's attorney, Ms. Vielma. Ms. Vielma has been representing Plaintiff and her mother in other immigration matters prior to this case. She described that Plaintiff is unable to give basic information to her and is childlike in her responses to questions about the case; for example, Plaintiff often starts singing or talking about something completely unrelated to the case. Because of these difficulties communicating with Plaintiff, all of Ms. Vielma's communication about Plaintiff's legal matters, including this case, has had to be with Plaintiff's mother, Ms. Saenz.

Based on the evidence before the Court, as summarized above, the Court finds that Plaintiff is mentally incompetent and is incapable of properly caring for her own interests in this litigation. *See Magallon*, 453 F.3d at 271. The Court finds that Plaintiff does not have an ability to communicate with her attorney about her interests or to give her attorney information to help effectuate those interests. *See id.* at 272.

Courts must next find that an appointment of a next friend would serve to protect the incompetent's best interests. *Schreck*, 2021 WL 5178855, at *2; *see, e.g.*, *J.A.*, 384 F. Supp. 3d at 774; *Ingram*, 184 F.R.D. at 92; *see also* FED. R. CIV. P. 17(c)(2). Parents are typically considered adequate for "next friends," absent some indication that they will not protect the incompetent's interests. *See, e.g.*, *J.A.*, 384 F. Supp. 3d at 774 (appointing father); *Gonzalez-Gonzalez-Jimenez de Ruiz v. United States*, 231 F. Supp. 2d 1187, 1196–97 (M.D. Fla. 2002) (citation omitted) ("When a parent 'brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c).'"); *Seibels, Bruce & Co. v. Nicke*, 168 F.R.D. 542, 544 (M.D.N.C. 1996) ("Nothing else appearing, it may be presumed that a parent acts in the best interest of the child.").

There is no indication that Ms. Saenz, as Plaintiff's mother, has conflicting interests with Plaintiff. Ms. Saenz has no individual cause of action or interest in this action, nor has any pecuniary interest in this cause. (*See* Dkt. No. 2 and Min. Entry Oct. 26, 2022). Therefore, the Court finds that Ms. Saenz's appointment as next friend would serve to protect Plaintiff's best interests.

In conclusion, the Court finds that Keyla Olarte Limon is unrepresented and incompetent, that the appointment of a next friend is necessary, and that Ms. Saenz is suitable to serve as next friend in this present suit. For the foregoing reasons, the Court **RECOMMENDS** that the District Court **APPOINT** Laura Saenz as next friend.

At the close of the hearings, after this Court announced its findings and recommendations, Plaintiff, through her counsel, waived her right to object to the proposed findings and recommendations contained in this Report, stated that they had no objection to the Court's findings, and requested that the District Court accept the findings of this Court. Therefore, the District Court may act on this Report immediately.

**SIGNED** on November 7, 2022.

_____
John A. Kazen
United States Magistrate Judge