United States District Court
Southern District of Texas
**ENTERED**
May 12, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| KEYLA OLARTE LIMON *individually and by next friend* LAURA SAENZ, <br><br>　　　　Plaintiffs, <br><br>VS. <br><br>UNITED STATES OF AMERICA, <br><br>　　　　Defendant. | § § § § § § § § § § § § § |

CIVIL ACTION NO. 5:22-CV-33

# ORDER

The United States Magistrate Judge has issued a Report and Recommendation (the "Report") (Dkt. No. 24). In the Report, the Magistrate Judge recommends that Plaintiffs' lawsuit be retained. (*id.*). For the reasons below, the Report is **ADOPTED IN PART** and **MODIFIED IN PART**. Plaintiffs' complaint will survive judicial screening.

## I.　　BACKGROUND

This lawsuit arises from Plaintiff Keyla Olarte Limon's detention by United States Border Patrol (USBP) agents (Dkt. No. 2). Plaintiffs' complaint establishes the following narrative:

In 2017, Ms. Limon sustained a brain injury during a car accident in Laredo (Dkt. No. 2 at 2). As medical personnel transported Ms. Limon and her mother, Laura Saenz, to a San Antonio-area hospital, Border Patrol agents detained them at the I-35 checkpoint (*id.* at 2–3). After questioning their legal status, agents followed the

ambulance to San Antonio (*id.* at 3).

Once at the hospital, agents guarded Plaintiffs and prohibited them from contacting family members (*id.*). Ms. Limon's father eventually arrived and demanded to see his daughter (*id.*). Her father, a U.S. citizen, presented his documentation and Ms. Limon's birth certificate to the agents (*id.*). He informed agents that Ms. Limon was a U.S. citizen "through him" (*id.*). Ms. Saenz also informed agents of Ms. Limon's "claim to citizenship" (*id.*). Despite this knowledge, agents continued detaining Ms. Limon (*id.* at 3–4). Once Ms. Limon was discharged from the hospital, agents transported Plaintiffs to a Laredo-area detention facility (*id.* at 4). Soon after, they were both released (*id.*).

Invoking the Federal Tort Claims Act (FTCA), Plaintiffs sued the Government for false imprisonment (*id.*).[1] Because Plaintiffs are proceeding *in forma pauperis*, the Magistrate Judge judicially screened Plaintiffs' pleading and recommended that the lawsuit be retained (Dkt. No. 24). Plaintiffs have not filed objections within the 14-day objection period. *See* 28 U.S.C. § 636(b)(1)(C).

## II.  LEGAL STANDARD

When a party objects to a magistrate judge's report, the district court reviews the objected-to portions *de novo*. *See id.* § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The district court reviews uncontested portions of a magistrate judge's report for clear error. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

---

[1] Plaintiffs also bring a false arrest claim (Dkt. No. 2). Under Texas law, false arrest is merely a "means of committing false imprisonment" and shares its elements. *M.D.C.G. v. United States*, No. 7:15-cv-552, 2016 WL 6638845, at *10 (S.D. Tex. Sept. 13, 2016). Because false arrest is not a distinct cause of action, the Court refers only to false imprisonment. *See id.*

### III. DISCUSSION

#### A. Federal Tort Claims Act

Here, the Magistrate Judge concluded that the FTCA applies to Plaintiffs' claim (Dkt. No. 24 at 6–7). Having reviewed the Report and finding no plain error, the Court **ADOPTS** this conclusion.

#### B. False Imprisonment

The Magistrate Judge next concluded that Plaintiffs plausibly alleged a false imprisonment claim (Dkt. No. 24 at 7–12). To prove false imprisonment, a plaintiff must show "(1) willful detention; (2) without consent; and (3) without authority of law." *Prim v. Stein*, 6 F.4th 584, 592 (5th Cir. 2021). As to the first two elements, the Report concluded, and the Court agrees, that Border Patrol agents willfully detained Ms. Limon without her consent (*see* Dkt. No. 24 at 7–9). As to the third element, the Report concluded agents detained Ms. Limon without legal authority (*id.* at 10–12). While the Court agrees with this conclusion, it **MODIFIES** the Report's analysis of the third element as follows.

The Report concluded: "[O]nce agents had received [Ms. Limon's] birth certificate," they lacked probable cause to detain her based on a lack of legal status (*see id.* at 11). This reasoning suggests Ms. Limon was born in the United States— and thus possesses birthright citizenship. *See Thomas v. Lynch*, 796 F.3d 535, 538 (5th Cir. 2015). However, Plaintiffs allege that Ms. Limon either was a citizen "through" her father or that she had a "claim" to citizenship (Dkt. No. 2 at 3). These allegations support the opposite inference: Ms. Limon was not born in the United

3

States (*see id.*).

Nonetheless, Plaintiffs have sufficiently alleged that the agents lacked authority to detain Ms. Limon. After speaking with Ms. Limon's parents, Border Patrol agents were aware that Ms. Limon's father was a U.S. citizen, and that Ms. Limon was either a U.S. citizen or had a valid claim to derivative citizenship (*see* Dkt. No. 2). *See Nastase v. Barr*, 964 F.3d 313, 316 (5th Cir. 2020). Further, the complaint contains no facts indicating Ms. Limon was unlawfully present in the United States (*see* Dkt. No. 2). *See* 8 U.S.C. § 1357(a)(2). And, notably, Border Patrol agents released her from custody (Dkt. No. 2 at 4). Accepting these allegations as true and drawing reasonable inferences therefrom—as the Court must at this stage—Border Patrol agents lacked authority to continue detaining Ms. Limon based on her purported lack of lawful immigration status. *See id.* At this early stage, Plaintiffs have plausibly alleged a false imprisonment claim.

## IV.   CONCLUSION

For the foregoing reasons, the Report (Dkt. No. 24) is **ADOPTED IN PART** and **MODIFIED IN PART**. Plaintiffs' complaint will survive judicial screening.

The Clerk of Court is **ORDERED** to issue summons for the United States. The Clerk of Court shall **SERVE** the United States with a copy of Plaintiffs' pleading (Dkt. No. 2), the Magistrate Judge's Report (Dkt. No. 24), and this Order. Service of process shall be effectuated at the following addresses, with return receipt requested:

(1) Civil Process Clerk, United States Attorney's Office, 1000 Louisiana St., Suite 2300, Houston, Texas 77002; and

(2) Office of the Attorney General of the United States, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530.

*See* Fed. R. Civ. P. 4(i)(1). The United States shall file an answer or responsive pleading no later than **sixty (60) days** after receiving service of process. *See* Fed. R. Civ. P. 12(a)(2).

The Clerk of Court shall also electronically serve a courtesy copy of Plaintiffs' pleading (Dkt. No. 2), the Magistrate Judge's Report (Dkt. No. 24), and this Order on the United States Attorney's Office for the Southern District of Texas at USATXS.CivilNotice@usdoj.gov.

It is so **ORDERED**.

**SIGNED** May 12, 2023.

*[signature]*

Marina Garcia Marmolejo
United States District Judge