UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| KEYLA OLARTE LIMON *Individually and by next friend* LAURA SAENZ, | § § § § | |
| VS. | § § | CIVIL ACTION NO. 5:22-CV-33 |
| UNITED STATES OF AMERICA | § § | |

# REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff's motion to approve the parties' settlement agreement. (Dkt. No. 46). The parties reached a settlement agreement, subject to Court approval, on May 22, 2024, at the conclusion of a Court-hosted mediated settlement conference. (Min. Ent. May 22, 2024). For the reasons stated below, the Undersigned **RECOMMENDS** that the District Court approve the proposed settlement as it pertains to Plaintiff, Keyla Olarte Limon.

## I. BACKGROUND

On May 20, 2017, Plaintiff, Keyla Olarte Limon, was involved in a motor vehicle accident in Laredo, Texas. (Dkt. No. 2 at 2). Plaintiff, who is intellectually impaired, needed to be transported to San Antonio, Texas. (*Id.*). En route to San Antonio, Plaintiff's ambulance was stopped by Border Patrol Agents at the United States Border Patrol interior checkpoint—north of Laredo. (*Id.* at 2–3). Alleging false imprisonment, Plaintiff sued Defendant United States of America pursuant to the Federal Tort Claims Act. (*Id.* at 1 and 4). The District Court appointed Plaintiff's mother, Laura Saenz, as Plaintiff's next friend in this action. (Dkt. No. 21).

On May 22, 2024, the parties participated in mediation conducted by the Undersigned. (Min. Ent. May 22, 2024).

At the conclusion of the mediation, the parties announced that they had reached an agreement to settle all claims. (*Id.*). Plaintiff filed the instant motion, (Dkt. No. 46), as well as copies of the settlement agreement and settlement statement, (Dkt. No. 46-1), on May 30, 2024. The Undersigned held a hearing ("the hearing") on the instant motion on June 10, 2024. (Min. Ent. June 10, 2024).

## II. LEGAL STANDARDS

A district court has the "inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties." *Del Bosque v. AT&T Ad-vert., L.P.*, 441 Fed. App'x 258, 260 (5th Cir. 2011) (quoting *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994)). "The gravamen of an approvable proposed settlement is that it be 'fair, adequate, and reasonable and is not the product of collusion between the parties.'" *Newby v. Enron Corp.*, 394 F.3d 296, 301 (5th Cir. 2004) (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)).

As is the case with minors, the law of the incompetent person's domicile "presumptively . . . would control" in determining whether a next friend may settle a claim on the incompetent person's behalf. *St. John Stevedoring Co., Inc. v. Wilfred*, 818 F.2d 397, 400 (5th Cir. 1987).[1]

---

[1] In *St. John*, the Fifth Circuit addressed "the rights of minors and those found mentally incompetent" under the Longshore and Harbor Workers' Compensation Act. *Id.* at 400. While addressing the rights of a minor, the Fifth Circuit held the domicile of a decedent's minor, and not the decedent acting on the minor's behalf, "presumably . . . would control." *Id.* Here, as confirmed at the hearing, both Plaintiff and her mother are domiciled in Texas. (Min. Ent. June 10, 2024).

Federal Rule of Civil Procedure 17 provides that an incompetent person may sue by a next friend, as follows:

> (c) Minor or Incompetent Person
>
> [...]
>
> (2) Without a Representative. A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c)(2). Additionally, Texas Rules of Civil Procedure 44, provides:

> Minors, lunatics, idiots, or persons non compos mentis who have no legal guardian may sue and be represented by "next friend" under the following rules:
>
> (1) Such next friend shall have the same rights concerning such suits as guardians have, but shall give security for costs, or affidavits in lieu thereof, when required.
>
> (2) Such next friend or his attorney of record may with the approval of the court compromise suits and agree to judgments, and such judgments, agreements and compromises, when approved by the court, shall be forever binding and conclusive upon the party plaintiff in such suit.

Tex. R. Civ. P. 44. "[A]n incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect . . . a[n] incompetent person who is unrepresented in an action." Typically, "the court's power to appoint a guardian ad litem . . . under Rule 17(c) is confined to those cases where the minor or incompetent is 'not otherwise represented' in the action." *Hoffert v. Gen. Motors Corp.*, 656 F.2d 161, 164 (5th Cir. 1981).

In causes of action where plaintiff's parents were appointed as next friends, the Undersigned notes the district judge in this case has found "it is not necessary or appropriate to appoint a guardian ad litem . . . [when] there is no potential or actual conflict of interest between the [plaintiff] and his [or her] parent."[2] Such is the case when the plaintiff's "interests have been properly protected, . . . there is no evidence of fraud, duress, or collusion, and the proposed agreement is fair, reasonable, and in [plaintiff's] best interests." *Villanueva*, No. 5-21-CV-80, 2023 WL 2564343 at *2; *Vazquez*, No. 5:19-CV-32, 2021 WL 2119494 at *2.

### III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

On May 22, 2024, the parties reached an agreement to settle the claims in this matter. (Min. Ent. May 22, 2024). Pursuant to the settlement agreement, Defendant agreed to the total sum of $10,000.00 for settlement of Plaintiff's claims in exchange for a release of all claims regarding the incident. (Dkt. No. 46-1 at 1–7).

As magistrate judge, the district judge in this case recommended Plaintiff's mother, Laura Saenz, be appointed as Plaintiff's next friend in this action. (Dkt. No. 19). In his report and recommendation, Judge Kazen found:

> There is no indication that Ms. Saenz, as Plaintiff's mother, has conflicting interests with Plaintiff. Ms. Saenz has no individual cause of action or interest in this action, nor has any pecuniary interest in this case. (*See* Dkt. No. 2 and Min. Entry Oct. 26, 2022). Therefore, the Court finds that Ms. Saenz's appointment as next friend would serve to protect Plaintiff's best interests.

---

[2] *Hernandez v. United States*, No. 5:21-CV-80, 2023 WL 2563236 (S.D. Tex. Feb. 13, 2023), *R. & R. adopted*, No. 5:21-CV-80, 2023 WL 2564343 (S.D. Tex. Mar. 17, 2023) (Kazen, J.); *Villanueva v. United States*, No. 5:20-CV-21, 2021 WL 3276168 (S.D. Tex. June 16, 2021) (Kazen, J.), *R. & R. adopted*, No. 5:20-CV-21, 2021 WL 3269767 (S.D. Tex. July 30, 2021); *Vazquez v. NR1 Transp., Inc.*, No. 5:19-CV-32, 2021 WL 2119494 (S.D. Tex. Apr. 16, 2021) (Kazen, J.), *R. & R. adopted sub nom. Vasquez v. NR1 Transp., Inc.*, No. 5:19-CV-32, 2021 WL 2124427 (S.D. Tex. May 24, 2021).

(*Id*. at 5). At the hearing, the Undersigned confirmed with the parties Plaintiff's mother will receive no apportionment of the settlement funds. (Min. Ent. June 10, 2018).

After independent review of the proposed agreement and consideration of the parties' representations and testimony, the Undersigned finds that Plaintiff's interests have been properly protected, that there is no evidence of fraud, duress, or collusion, and that the proposed agreement is fair, reasonable and in Plaintiff's best interests.

For the foregoing reasons, the Undersigned **RECOMMENDS** that the District Court **FIND** that the appointment of a guardian ad litem is not necessary and **APPROVE** the proposed settlement as it pertains to the Plaintiff, Keyla Olarte Limon. The Court further **RECOMMENDS** that the parties be ordered to file their joint stipulation of dismissal within **forty-five (45) days** of the entry of an order accepting this report.

### IV. PARTIES' WAIVER OF OBJECTIONS AND REQUEST TO ADOPT THIS REPORT

On June 10, 2024, the Undersigned held the hearing in this matter. (Min. Ent. June 10, 2024). During the conference, Plaintiff and Defendant, through their counsel, waived their right to object to the proposed findings and recommendation contained in this report, stated that they had no objection to the Court's findings and requested that the District Court accept the findings of the Undersigned. Therefore, the District Court may act on this report immediately.

**SIGNED** on this 10th day of June, 2024.

                                                Christopher dos Santos
                                                United States Magistrate Judge